**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARK JARECKE | : | CASE NO. 3:10CV552 (JCH) |
| v. | : | |
| BRIAN MURPHY, ET AL. | : | NOVEMBER 17, 2010 |

**RULING AND ORDER**

In April 2010, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act against Commissioner of Correction Brian Murphy, Counselor Supervisor Maiga, District Administrator Michael Lajoie, Dr. Suzanne Ducate, Warden Esther Torres, Counselor Supervisor Laura Manocchio, Lieutenant Jack Cupka, Former Warden David Strange, Programs and Treatment Director John Doe, Offender Classification Director John Doe, Parole and Community Services Manager Thomas O'Connor, Parole and Community Services Director John Doe, Rogers House Program Director Michael Kingsley and John/Jane Does Unknown. On August 25, 2010, the court dismissed all federal claims against defendants Lajoie, Cupka, and Strange and declined to exercise supplemental jurisdiction over any state law claims against those defendants. The court ruled that the federal and state law claims against defendants Murphy, O'Connor, Maiga, Ducate, Torres, Manocchio, Kingsley, and the John and Jane Doe defendants would proceed. Pending before the court are motions for injunctive relief and summary judgment filed by plaintiff. For the reasons set forth below, the motions are denied.

## I. MOTIONS FOR INJUNCTIVE RELIEF [Docs. Nos. 5, 9]

Plaintiff seeks injunctive relief against the remaining defendants with regard to his overall classification risk level, his access to Department of Correction programs, and his

eligibility for release to a community program or on parole. Defendants have filed a response to the Motions indicating that plaintiff has been discharged from the Department of Correction.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. See Drywall Tapers &

Pointers Local 1974 v. Local 530, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995). In this case, the court finds that oral testimony and argument is not necessary.

In support of his Motion for Injunctive Relief, Jarecke re-asserts the claims in his Complaint. He alleges that on December 3, 2009, he was released to a community program called the Rogers House. On December 7,2009, Connecticut parole officers remanded plaintiff from the Rogers House to Hartford Correctional Center. Jarecke asserts that defendants Murphy, O'Connor, Maiga, Torres, Manocchio, Ducate, Offender Classification Director John Doe and Parole, and Community Services Director John Doe denied him due process in connection with his remand to prison and the subsequent decision to raise his classification risk level from one to two. Plaintiff claims that this level increase prevented him from participating in various Department of Correction programs and made him ineligible for release on parole or to a community program in the future. Plaintiff seeks a court order directing the defendants to lower his classification risk level from two to one; restore his access to the administrative grievance procedures and to programs offered by the Department of Correction; consider him for parole or community program release; send him for a psychiatric evaluation; provide him with access to courts; return his personal and legal property; revise the indigency policy with regard to inmate legal mail, postage, and copies; impose discipline on the offensive conduct of Department of Correction employees; increase the community release programs available to mentally

ill inmates; and provide unrestricted inmate access to documents available through the Freedom of Information Act.

In response to Jarecke's Motions for Injunctive Relief, counsel for the defendants has filed the Affidavit of Mary Jane Steele, Records Specialist II for the Department of Correction Central Records Office in Suffield, Connecticut. Records Specialist Steele avers that the Department of Correction discharged plaintiff on August 17, 2010, due to the completion of his sentence of incarceration. See Mem. Law Opp'n Mot. Injunctive Relief, Steele Aff. at ¶ 6. Plaintiff is no longer under the supervision of Department of Correction personnel in any capacity. See id.

The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). Accordingly, Jarecke's Motions seeking injunctive relief regarding conditions of confinement within Department of Correction prison facilities, as well as his release to a Community Program or on parole from defendants who are employees of the Department of Correction and the Board of Pardons and Paroles are denied as moot.

## II. MOTION FOR SUMMARY JUDGMENT [Doc. No. 12]

Jarecke claims that he is entitled to summary judgment. In support of his Motion, he has filed a memorandum of law and a statement of material facts not in dispute, accompanied by documentary exhibits.

Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in

separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement. This specific citation requirement applies to pro se litigants as well as to attorneys.

Although Jarecke filed a Local Rule 56(a)(1) Statement, he failed to include "a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial or (2) evidence that would be admissible at trial" after each paragraph in the statement. Because Jarecke's Local Rule 56(a)1 Statement does not comply with Local Rule 56(a)3, his Motion for Summary Judgment is denied without prejudice.

**III. LOCAL RULE 83.1(c)(2)**

Rule 83.1(c)(2), D. Conn. L. Civ. R., provides: "Any party appearing pro se must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made upon an attorney." As indicated above, Jarecke was discharged from the Department of Correction in August 2010. Since his discharge, Jarecke has not notified the court of his current mailing address. Thus, plaintiff has failed to comply with Local Rule 83.1(c)(2).

The court has scheduled a Telephone Status Conference for November 18, 2010 at 2:00 p.m. before Magistrate Judge Holly B. Fitzsimmons. During this conference, plaintiff

is directed to provide the court with a current mailing address in Connecticut where he may be served with motions, documents, and rulings filed in this case. The plaintiff is cautioned that his failure to participate in the telephone conference and then to provide the court with his current mailing address will result in the dismissal of this case without prejudice and without further notification from the court.

## IV. CONCLUSION

The Motions for Preliminary Injunctions [**Docs. Nos. 5, 9**] are **DENIED** as moot. Plaintiff's Motion for Summary Judgment [**Doc. No. 12**] is **DENIED** without prejudice.

**During the Telephone Status Conference scheduled for November 18, 2010, plaintiff shall provide the court with a current mailing address in Connecticut where he may be served with motions, documents and rulings filed in this case. Plaintiff is cautioned that his failure to participate in the telephone conference, and then to provide the court with his current mailing address will result in the dismissal of this case without prejudice and without further notification from the court.**

**SO ORDERED**

Dated at Bridgeport, Connecticut, this 17th day of November, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge