# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK BAILEY,<br>A/K/A MARK JARECKE | : <br> : <br> : | CASE NO. 3:10-CV-552 (JCH) |
| v. | : <br> : <br> : | |
| BRIAN MURPHY, ET AL. | : <br> : | JULY 15, 2011 |

## RULING ON PENDING MOTION [Doc. No. 54]

In April 2010, plaintiff Mark Bailey, a/k/a Mark Jarecke, filed a Complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act against Commissioner of Correction Brian Murphy, Counselor Supervisor Maiga, District Administrator Michael Lajoie, Dr. Suzanne Ducate, Warden Esther Torres, Counselor Supervisor Laura Manocchio, Lieutenant Jack Cupka, Former Warden David Strange, Programs and Treatment Director John Doe, Offender Classification Director John Doe, Parole and Community Services Manager Thomas O'Connor, Parole and Community Services Director John Doe, Rogers House Program Director Michael Kingsley and John/Jane Does Unknown. At the time of the filing of the Complaint, the plaintiff was incarcerated at Willard-Cybulski Correctional Institution in Enfield, Connecticut.

On August 25, 2010, the court dismissed all federal claims against defendants Lajoie, Cupka, and Strange and declined to exercise supplemental jurisdiction over any state law claims against those defendants. The court ruled that the federal and state law claims against defendants Murphy, O'Connor, Maiga, Ducate, Torres, Manocchio, Kingsley, and the John and Jane Doe defendants would proceed. The Clerk also issued a Notice to Prisoner informing the plaintiff that if he changed his address at any

time during the litigation of the case, he must notify the court of his new address. The Clerk cautioned the plaintiff that failure to inform the court of his new address could result in dismissal of the case.

On November 17, 2010, the court issued a Ruling denying the plaintiff's motions for preliminary injunction and for summary judgment. In that Ruling, the court ordered the plaintiff to provide the court with a current mailing address in Connecticut where he may be served with motions, documents, and rulings filed in this case. The court warned the plaintiff that failure to participate in a telephone conference scheduled for November 18, 2010, and failure to provide the court with his current mailing address would result in the "dismissal of this case without prejudice and without further notification from the court." See Ruling and Order, Doc. No. 34.

The plaintiff failed to participate in the November 18, 2010 telephone conference, as well as a deposition scheduled for November 4, 2010.[1] On November 22, 2010, certain defendants filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defendants Murphy, O'Connor, Maiga, Ducate, Torres, and Manocchio argued that the plaintiff had failed to attend his deposition scheduled for November 4, 2010, failed to participate in a telephone conference with Magistrate Judge Holly B. Fitzsimmons, and failed to comply with the court's Order that he submit a current mailing address. See Doc. No. 35. On December 15, 2010, the court granted the motion absent objection and issued an order to the plaintiff to show cause why the case should not be dismissed as to any remaining

---

[1] Counsel for the defendants sent the Notice of Deposition to the plaintiff at his last known address prior to his incarceration, which was his mother's address in Ferrum, Virginia.

defendants for failure to prosecute.  See Doc. Nos. 39, 40.

On December 28, 2010, the plaintiff filed a response to the Order to Show Cause stating that he had been homeless since his release from prison in August 2010.  His response, however, did not include his current mailing address.

On February 17, 2011, the court issued an Order informing the plaintiff that it would be impossible for the parties to proceed with the case unless he submitted a mailing address to which motions, documents, and rulings filed in the case could be sent.  The court directed the plaintiff to submit a valid mailing address by March 15, 2011.

On March 28, 2011, the remaining defendant, Kingsley, moved to dismiss all claims against him due to the plaintiff's failure to prosecute.  On April 6, 2011, the plaintiff filed a Motion for Extension of Time to file a response to defendant Kingsley's Motion to Dismiss.  The Motion for Extension of Time included a statement by the plaintiff that his current mailing address was the New Haven Correctional Center, 245 Whalley Avenue, New Haven, CT 06511.  On April 11, 2011,  the court denied the Motion to Dismiss filed by defendant Kingsley.

On May 6, 2011, Magistrate Judge Fitzsimmons held a status conference.  At the end of the conference, Magistrate Judge Fitzsimmons directed the plaintiff that he could file a motion seeking reconsideration of the Order (Doc. No. 39) granting the motion to dismiss for failure to prosecute filed by defendants Murphy, O'Connor, Maiga, Ducate, Torres, and Manocchio.   Pending before the court is plaintiff's motion entitled "Motion to Alter or Amend Judgment or Ruling."   (Doc. No. 54).

There are three grounds that justify granting a motion for reconsideration: (1) an

intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Thus, the standard governing motions for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters . . . that might reasonably be expected to alter the conclusion reached by the court." Id.

The plaintiff indicates that prior to his release from the Department of Correction in August 2010, he provided to the Department of Correction a forwarding address in Windsor, Connecticut. The plaintiff also states that he lived in the St. Vincent De Paul homeless shelter located in Waterbury, Connecticut, after his discharge from prison. The plaintiff made no effort after his release from prison, however, to contact the court to provide a current mailing address. It was not until April 2011, after he was re-incarcerated, that the plaintiff contacted the court and supplied the address of the facility in which he was then confined. The plaintiff provides no explanation for his failure to notify the court of a new mailing address, attend his deposition on November

4

4, 2010, or keep himself apprised of the scheduled status conference on November 18, 2010 or the filing of the Motion to Dismiss by defendants Murphy, O'Connor, Maiga, Ducate, Torres, and Manocchio, after his discharge from prison in August 2010. Thus, the plaintiff has not shown that the court erred in granting the Motion to Dismiss for failure to prosecute or that manifest injustice resulted. Moreover, the plaintiff has presented no newly discovered evidence, has not pointed to any change in controlling law, and has not demonstrated that the court overlooked controlling law or material facts in its original Order. Accordingly, the Motion for Reconsideration [**Doc. No. 54**] of the court's Order [**Doc. No. 39**] granting the motion to dismiss for failure to prosecute is **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 15th day of July, 2011.

                                               _/s/ Janet C. Hall_____
                                               Janet C. Hall
                                               United States District Judge