UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK BAILEY, : | |
| a/k/a MARK JARECKE, : | CASE NO. 3:10cv552 (JCH) |
|     Plaintiff, : | |
| : | |
| v. : | OCTOBER 31, 2011 |
| BRIAN MURPHY, ET AL., : | |
|     Defendants. : | |

### RULING Re:
### DEFENDANT KINGSLEY'S MOTION FOR SUMMARY JUDGMENT (DOC. No. 69)

The plaintiff, Mark Bailey, a/k/a Mark Jarecke ("Bailey"), is currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut. Pending before the court is defendant Kingsley's Motion for Summary Judgment (Doc. No. 69). For the reasons set forth below, the Motion is **DENIED**, but the claims against defendant Kingsley are **DISMISSED**.

In April 2010, Bailey filed a Complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act naming Commissioner of Correction Brian Murphy, Counselor Supervisor Maiga, District Administrator Michael Lajoie, Dr. Suzanne Ducate, Warden Esther Torres, Counselor Supervisor Laura Manocchio, Lieutenant Jack Cupka, Former Warden David Strange, Programs and Treatment Director John Doe, Offender Classification Director John Doe, Parole and Community Services Manager Thomas O'Connor, Parole and Community Services Director John Doe, Rogers House Program Director Michael Kingsley and John/Jane Does Unknown as defendants. See Complaint Form (Doc. No. 2). At that time, Bailey was incarcerated at Willard-Cybulski Correctional Institution in Enfield, Connecticut. On August 25, 2010, the court dismissed all federal claims against defendants Lajoie, Cupka and Strange and declined

1

to exercise supplemental jurisdiction over any state law claims against those defendants.  See Initial Review Order 3 (Doc. No. 13).  The court ruled that the federal and state law claims against defendants Murphy, O'Connor, Maiga, Ducate, Torres, Manocchio, Kingsley and the John and Jane Doe defendants would proceed.  See id. at 3-4.

In November 2010, Bailey failed to participate in a court-ordered telephone conference and a deposition.  On December 15, 2010, the court granted a Motion to Dismiss for failure to prosecute pursuant to Federal Ruled of Civil Procedure 41(b) without prejudice and absent objection as to defendants Ducate, Maiga, Manocchio, Murphy, O'Connor and Torres.  See Order Granting Motion to Dismiss (Doc. No. 39).  That same day, the court also issued an Order to Bailey to show cause why the case should not be dismissed as to any remaining defendant for failure to prosecute.  See Order to Show Cause (Doc. No. 40).

On December 28, 2010, Bailey filed a response to the Order to Show Cause indicating that he had been homeless since his release from prison in August 2010.  See Response (Doc. No. 41).  His response, however, did not include his current mailing address.  Id.

On February 17, 2011, the court issued an Order informing Bailey that it would be impossible for the parties to proceed with the case unless he submitted a mailing address to which motions, documents and rulings filed in the case could be sent.  The court directed Bailey to submit a valid mailing address by March 15, 2011.  See Order (Doc. No. 42).

On March 28, 2011, defendant Kingsley moved to dismiss all claims against him due to Bailey's failure to prosecute. See Motion to Dismiss (Doc. No. 43). In response to the Motion to Dismiss, Bailey indicated that his current mailing address was the New Haven Correctional Center, 245 Whalley Avenue, New Haven, CT 06511. In light of this information, the court denied defendant Kingsley's Motion to Dismiss. See Order (Doc. No. 46). In July 2011, the court denied Bailey's Motion for Reconsideration of the court's Order granting the Motion to Dismiss for failure to prosecute as to defendants Ducate, Maiga, Manocchio, Murphy, O'Connor and Torres. See Order (Doc. No. 61).

On September 13, 2011, Bailey filed a motion entitled "Motion to Dismiss Without Prejudice By Relief from Order." See Motion (Doc. No. 68). In that Motion, Bailey asked the court to modify its Order (Doc. No. 39) granting the Motion to Dismiss as to defendants Ducate, Maiga, Manocchio, Murphy, O'Connor and Torres to indicate that the dismissal was without prejudice. On October 21, 2011, the court granted Bailey's Motion absent objection and amended the Order (Doc. No. 39) to reflect that the dismissal was without prejudice. See Order (Doc. No. 72).

On September 30, 2011, defendant Kingsley filed a Motion for Summary Judgment. In response, Bailey has filed an Objection stating that he seeks to dismiss all claims against defendant Kingsley, rendering the motion for summary judgment moot. Bailey further states that he has no intention of commencing a new action or asserting new claims against defendant Kingsley in the future.

The court construes Bailey's Objection to Defendant Kingsley's Motion for Summary Judgment (Doc. No. 71) as a notice of voluntary dismissal as to the claims against defendant Kingsley. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the

3

action is dismissed without prejudice as to defendant Kingsley.  In view of the dismissal of the claims against defendant Kingsley, the Motion for Summary Judgment is denied as moot.

The court notes that the claims against Parole and Community Services Director John Doe, Offender Classification Director John Doe, Programs and Treatment Director John Doe and John/Jane Doe Unknown employee of Rogers House Program who searched Bailey's room in early August 2009 remain pending.  In its Initial Review Order, the court notified Bailey that the United States Marshal could not effect service of the Complaint on the Doe defendants.  The court informed Bailey that, if he intended to pursue claims against these defendants, he must file an amended complaint including the names of all defendants in the case caption.  The court permitted Bailey sixty days to conduct discovery in order to ascertain the names of the Doe defendants and ninety days to file an amended complaint identifying the Doe defendants.  To date, Bailey has not filed an amended complaint or notified the court that he has ascertained the names of the Doe defendants.  In his Objection to defendant Kingsley's Motion for Summary Judgment, Bailey mentions that he served a discovery request on Assistant Attorney General Lynn Wittenbrink on April 21, 2011, but she did not respond.  Bailey asserts no other attempts to ascertain the names of the Doe defendants or file an amended complaint identifying them.  Accordingly, the claims against defendants Parole and Community Services Director John Doe, Offender Classification Director John Doe, Programs and Treatment Director John Doe and John/Jane Doe Unknown employee of Rogers House Program who searched Bailey's room in early August 2009 are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**Conclusion**

The court construes Bailey's Objection (**Doc. No. 71**) to defendant Kingsley's Motion for Summary Judgment as a Notice of Voluntary Dismissal of all claims against defendant Kingsley. Pursuant to Rule 41(a)(2), the action is **DISMISSED** without prejudice as to defendant Kingsley. Defendant Kingsley's Motion for Summary Judgment (**Doc. No. 69**) is **DENIED** as moot. All claims against defendants Parole and Community Services Director John Doe, Offender Classification Director John Doe, Programs and Treatment Director John Doe and John/Jane Doe Unknown employee of Rogers House Program are **DISMISSED** without prejudice pursuant to Rule 4(m).

If Bailey chooses to appeal this decision, he may not do so in forma pauperis, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of October, 2011.

                 /s/ Janet C. Hall
                 Janet C. Hall
                 United States District Judge